UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-063-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KEVIN ANDREW BURNETTE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

**** **** **** ****

Defendant Kevin Burnette has filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  [Record No. 45] He pleaded guilty in 2016 to one count of possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841.  [Record No. 38]  Because of his prior felony drug convictions, the statute required "a term of imprisonment which may not be less than 10 years and not more than life."  21 U.S.C. § 841(b)(1)(B).  Accordingly, the Court sentenced him to a 120-month term of imprisonment, to be followed by an eight-year term of supervised release.  [Record No. 40]

Burnette now argues that his age and medical conditions justify release because of the ongoing COVID-19 pandemic.  [Record No. 45]  The government has responded in opposition and has provided relevant medical records.  [Record No. 48]  Burnette's motion will be denied because he has not shown "extraordinary and compelling reasons" to justify release and the relevant sentencing factors do not support a sentence reduction.

- 1 -

**I.**

Section 3582(c) gives sentencing courts limited authority to grant a sentence reduction. For compassionate release motions, the statute contains "three substantive requirements for granting relief."[1] *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). They include whether (1) "'extraordinary and compelling reasons' warrant a reduction"; (2) "the reduction is consistent with the applicable policy statements issued by the Sentencing Commission"; and (3) "the [18 U.S.C.] § 3553(a) factors, to the extent they apply, support the reduction." *United States v. Brummett*, No. 20-5626, 2020 WL 5525871 (6th Cir. Aug. 19, 2020). The second requirement is not applicable to Section 3582(c)(1)(A) motions filed by prisoners. *See United States v. Jones*, No. 20-3701, --- F. 3d ---, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Accordingly, the Court will determine whether Burnette has satisfied the first and third requirements.

## a. Extraordinary and Compelling Reasons

Burnette makes one argument for compassionate release: that his age (53) and medical conditions—obesity, hypertension, and high cholesterol—place him "at increased risk of serious illness or death if [he] contracted COVID-19." [Record No. 45, p. 2] His medical records, filed under seal by the government, confirm his referenced medical conditions.

---

[1] A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Burnette waited the required 30 days after submitting his request on October 22, 2020, so the Court will proceed to address his claims on the merits.

In assessing an inmate's stated reasons justifying a reduction, courts "have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13 [of the United States Sentencing Guidelines Manual]." *See Jones*, 2020 WL 68174488, at *9. However, the policy statement's definitions offer a useful framework in defining "extraordinary and compelling reasons." Accordingly, the Court will consider the definitions in application note 1(A) as a starting point. It states:

> (A) **Medical Condition of the Defendant.**—
>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>> (ii) The defendant is—
>>> (I) suffering from a serious physical or medical condition,
>>> (II) suffering from a serious functional or cognitive impairment, or
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A). This definition indicates that early release is justified when an inmate suffers from a condition so serious that it cannot be properly addressed while in BOP custody.

Burnette has not demonstrated a qualifying medical condition. While his medical records confirm that he is obese and suffers from hypertension and high cholesterol, they also demonstrate that his conditions are being adequately managed. And there is no indication that any of the conditions are terminal. However, Burnette argues that these manageable conditions have become "extraordinary and compelling reasons" due to the ongoing COVID-19

pandemic.  Legitimate concerns related to the COVID-19 pandemic are understandable, but the Court declines to expand the definition of "extraordinary and compelling reasons" broadly enough to include the unknown risks of a potential, future illness.

### b.  18 U.S.C. § 3553(a) Factors

Even if Burnette demonstrated "extraordinary and compelling reasons" to warrant a reduction, the Court must also "consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *12.  These include "the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Id.* at *11.  The "record *as a whole*," including "both the initial sentencing and the [Section 3582] proceedings" must demonstrate that the factors were taken into account when determining the appropriate sentence. *Id.* (emphasis in original).  Those factors continue to support Burnette's 120-month sentence.

The Court adopted the findings contained in the PSR at sentencing.[2]  [Record No. 37] That report describes a serious crime and a corresponding serious criminal history.  At the state level, Burnette's criminal history contains multiple drug- and alcohol-related offenses.  He first faced federal drug charges in 2001 and served a 60-month term of imprisonment, followed by an additional 11-month term of imprisonment upon revocation of his term of supervised release.

His current offense of conviction stemmed from a subsequent investigation into drug trafficking.  His vehicle was stopped by law enforcement on May 18, 2015, but he fled on foot. A search of Burnette's vehicle revealed 171 grams of heroin (cut with cocaine and fentanyl),

---

[2]     Because his PSR was filed in the record under seal, it will be referenced only in general terms.

458 grams of powder cocaine, and 9 grams of cocaine base.  Burnette was not taken into custody until August 5, 2015.  While his completion of "corrective programs," his family support system, and his alleged "change of heart on committing criminal activity" are positive developments, they do not outweigh the seriousness of his offense or his criminal history. [Record No. 45, p. 1]

Burnette's original sentence remains appropriate for another important reason: it was mandated by 21 U.S.C. § 841(b)(1)(B).  "[O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence and offender to at least the minimum prison term set forth in a statutory mandatory minimum."  *Dorsey v. United States*, 567 U.S. 260, 266–67 (2012).  Exceptions to this general rule apply in only rare circumstances, none of which exist here. *See* 18 U.S.C. § 3553(e)–(f).  Congress decided that perpetrators of serious drug offenses with serious criminal histories must be subject to significant terms of imprisonment, and the Court will not disregard that wise policy choice.

Accordingly, it is hereby

**ORDERED** that Defendant Burnette's motion for compassionate release [Record No. 45] is **DENIED**.

Dated:  December 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky